IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **E.S., Individually,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL NO. 6:18-CV-00007-ADA** |
| **COPPERAS COVE INDEPENDENT** | § | |
| **SCHOOL DISTRICT,** | § | |
| *Defendant.* | § | |
| | § | |
| | § | |

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendant's Motion for Summary Judgment (ECF No. 51), Plaintiff's Response (ECF No. 60), Defendant's Objections to Plaintiff's Response to Defendant's Motion for Summary Judgment (ECF No. 61), and Defendant's Reply (ECF No. 63). After having reviewed the parties' briefs, case file, and applicable law, the Court has determined that Defendant's Motion for Summary Judgment should be **GRANTED** for the following reasons.

### I. Background

This case is about a school district's alleged retaliation allegations of unwanted sexual conduct between two high school students. E.S. was a female student at the Copperas Cove High School, a Copperas Cove Independent School District school ("CCISD"). She was actively involved in school through the choir, color guard, and theater programs. It was through the theater programs that E.S. and D.H., another student, knew each other.[1] Both E.S. and D.H. were participating in a play that was scheduled to be performed Friday, December 18, and Saturday, December 19, 2015. On December 17, 2015, E.S. claims that D.H. engaged in unwanted sexual

---

[1] Deposition testimony clearly shows that E.S. and D.H. interacted in a mutually flirtatious and affectionate manner toward one another prior to the alleged incident. Def.'s Mot., ECF No. 51, Ex. J ¶ 4; Ex. B, pp.941:17–96:16; Ex. B, pp. 101:21–102:23). *See also* Def.'s Mot., ECF No. 51, Ex. B, p. 102:1–23; Ex. P., p. 38).

contact with her after school hours in the school's stairwell following theater practice. *See* Am. Compl., ECF No. 23 at ¶ 8.

Later the same day, E.S. told her parents, Tim and Betty Sawyer, that she had been raped by D.H. Mrs. Sawyer called the Copperas Cove Police Department ("CCPD") concerning the incident between E.S. and D.H. Officer Dexter Ferdinand responded to the call and interviewed both E.S. and Mrs. Sawyer and made arrangements for E.S. to have a Sexual Assault Nurse Examiner ("SANE") examination, which was conducted by Baylor Scott & White Nurse, Crystal Love. Def.'s Mot., Ex. P, pp. 16, 27. The CCPD assigned the case to Detective Georgette Hurt.

Later in the evening on December 17, 2015, Mrs. Sawyer sent a text message Molli Maberry, E.S.'s Theater Teacher, to report the incident. The following day, CCHS Principal, Miguel Timarky, received a text from CCISD School Resource Officer Torres about the incident that occurred in the auditorium. The same day, Ms. Maberry also reported the matter to Mr. Timarky. D.H. was not allowed to attend the play on Friday, December 18, 2015 because of the allegations of sexual assault. On Saturday, December 19, 2015, the second night of the play, Ms. Maberry allowed D.H. to attend the play. However, D.H.'s role in play was as a technician, and the tech booth was located a substantial distance away from the stage. D.H. and E.S. never came in contact with each other except in passing. Def.'s Mot., Ex. B, pp. 191:8–193:18.

CCISD began its investigation of the alleged sexual assault on or about December 20, 2015. Dr. Joseph Burns, the CCISD Superintendent, appointed Barbara Tate, Director of Human Resources, to assist Principal Timarky in conducting the investigation. Ms. Tate and Mr. Timarky conducted numerous witness interviews, including: D.H., K.B., Q.O., A.R., J.B., H.S., T.M., G.A., Z.R., and S.D. Mr. Timarky also met with CCHS teachers Ms. Maberry and Ms.

Pastore and received witness statements from School Resource Officer Torres. Finally, Ms. Tate and Mr. Timarky interviewed E.S. and her parents as part of the investigation.

During the CCISD investigation, the CCPD concluded that the sexual acts described by E.S. were consensual. Def.'s Mot., Ex. P, at 20; Ex. K, ¶ 4; Pl's Resp. at ¶ 17. CCPD informed Ms. Tate concerning the outcome of CCPD's investigation of the alleged sexual assault. Citing the superior investigation resources of CCPD, Ms. Tate placed significant weight on CCPD's determination the incident was consensual. After her investigation, Mr. Timarky and Ms. Tate concluded that they could not determine whether a sexual assault took place. Accordingly, D.H. served a three-day suspension following the allegations and was removed from all extracurricular activities for the rest of the school year. Def.'s Mot., Ex. A ¶ 12; Ex. A-2, at 23.

During winter break, Mrs. Sawyer informed CCISD that E.S. would not attend CCHS for the remainder of the school year because E.S. was embarrassed to return to CCHS. Instead, E.S. attended Crossroads High School, another CCISD high school. However, eventually E.S. withdrew from CCISD and filed a notice to homeschool.

The following school year, 2016–2017, E.S. decided to return to CCISD as a full-time student. Upon her return and after a request from her parents, CCISD referred E.S. for services under Section 504 of the Rehabilitation Act. A 504 plan was formalized in October 2016. In December of 2016, the Sawyers also filed a request for a due process hearing with the Texas Education Agency, which was also accommodated by CCISD.

Plaintiff filed this case on January 8, 2018, asserting CCISD violated Title IX of the Education Amendments of 1972 because CCISD acted with deliberate indifference to known acts of harassment. Plaintiff also appears to argue that CCISD retaliated against her because she complained of harassment. After close of discovery, Defendant filed a motion for summary

judgment asserting that it is entitled to judgment as a matter of law because CCISD had no actual knowledge of a substantial risk of harassment toward E.S.; E.S. was not subjected to severe, pervasive and objectively offensive harassment; and the District was not deliberately indifferent to E.S. Def.'s Reply, ECF No. 63, at 16–17. Furthermore, Defendant argues that Plaintiff's Title IX retaliation claim fails as a matter of law because E.S. did not show that CCISD took adverse action against her. *Id*. at 17. Additionally, CCISD submits several objections to E.S.'s summary judgment evidence.[2] No response to CCISD's objections was filed.

### III. Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014). A material fact is one that is likely to reasonably affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is not genuine if the trier of fact could not, after an examination of the record, rationally find for the non-moving party. *Matsushita Elec. Indus., Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). As such, the burden of demonstrating that no genuine dispute of material fact exists lies with the party moving for summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once presented, a court must view the movant's evidence and all factual inferences from such evidence in a light most favorable to the party opposing summary judgment. *Impossible*

---

[2] CCISD makes several objections to E.S.'s characterization of the evidence and CCISD points out several instances where E.S.'s factual assertions are not supported by the record. *See* ECF No. 61, ¶¶ 3, 6, 7. Most of CCISD's objections relate to facts that are not *material* facts relevant the Court's decision concerning whether summary judgment is appropriate. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("A material fact is one that is likely to reasonably affect the outcome of the case"). For example, whether Plaintiff was a "Level 5 Distinguished Honors student" does not affect the outcome of this case and other similar objections by CCISD will not be addressed by Court. Additionally, as this Court has previously stated, whether the intercourse between D.H. and E.S. was consensual is irrelevant to E.S.'s Title IX action against the District. *See* Order Denying Mot. For Leave to File Am. Pleading, ECF # 50. However, the Court does note Plaintiff's general lack of record citations and Plaintiff's mischaracterization of the record in several instances.

*Elecs. Techniques v. Wackenhut Protective Sys., Inc.*, 669 F.2d 1026, 1031 (5th Cir. 1982). Accordingly, the simple fact that the court believes that the non-moving party will be unsuccessful at trial is insufficient reason to grant summary judgment in favor of the moving party. *Jones v. Geophysical Co.*, 669 F.2d 280, 283 (5th Cir. 1982). However, "[w]hen opposing parties tell two different stories, but one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for the purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380–81 (2007).

Once the court determines that the movant has presented sufficient evidence that no genuine dispute of material fact exists, the burden of production shifts to the party opposing summary judgment. *Matsushita*, 475 U.S. at 586. The non-moving party must demonstrate a genuinely disputed fact by citing to parts of materials in the record, such as affidavits, declarations, stipulations, admissions, interrogatory answers, or other materials; or by showing that the materials cited by the movant do not establish the absence of a genuine dispute. FED. R. CIV. P. 56(C)(1)(A)–(B). "Conclusory allegations unsupported by concrete and particular facts will not prevent an award of summary judgment." *Duffy v. Leading Edge Prods.*, 44 F.3d 308, 312 (5th Cir. 1995). "After the non-movant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the non-movant, summary judgment will be granted." *DIRECTV Inc. v. Robinson*, 420 F.3d 352, 536 (5th Cir. 2001) (internal citations omitted).

### III. Analysis

Plaintiff makes two claims under Title IX. First, student-on-student alleged sexual harassment that occurred between E.S. and D.H on December 17, 2015. Secondly, Plaintiff

appears to make a Title IX retaliation claim against CCISD for C.S's sexual assault report. The Court finds that there is no genuine issue of material fact concerning either of Plaintiff's Title IX claims.

## A. Title IX Claim Against CCISD.

A school district that receives federal funds may be liable for student-on-student harassment under Title IX if: (1) an appropriate person with authority to take corrective measures had actual knowledge of the harassment; (2) the person exercised substantial control over both the harasser and the context under which the harassment occurred; (3) the harassment was based on the victim's sex; (4) the harassment was so severe, pervasive, and objectively offensive that it effectively barred the victim's access to an educational opportunity or benefit; and (5) the district was deliberately indifferent to the harassment. *See Davis v. Monroe Cnty. Bd. Of Educ.*, 526 U.S. 629, 644–51 (1999); *Sanches v. Carrollton-Farmers Branch ISD*, 647 F.3d 156, 165 (5th Cir. 2011). Additionally, Title IX liability cannot be premised upon theories of constructive notice or respondeat superior. *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 285 (1998).

The District argues that Plaintiff cannot establish the existence of a genuine issue of material fact concerning each necessary element of a Title IX claim. In her Response, Plaintiff argues that the "battleground is whether or not the District was deliberately indifferent to E.S." Resp. at ¶ 33. The District, in its Reply, further narrows the battleground to whether the District had (1) actual knowledge of a substantial risk of harassment, (2) whether E.S. was subjected to severe, pervasive, and objectively offensive harassment, and (3) whether the District was deliberately indifferent to E.S. As such, the Court will focus on these three elements.

*(1) CCISD Did Not Have Actual Knowledge of a Substantial Risk of Serious Harm*

Plaintiff seems to argue that even though the District did not have actual knowledge of a potential sexual assault by D.H., CCISD is nevertheless liable for the harassment she experienced because she was subject to a "heightened risk" of harassment by D.H. Resp. at ¶¶ 34–36.[3] Further decryption of Plaintiff's argument reveals the suggestion that under this "heightened risk" theory, CCISD is liable because it was generally aware of D.H.'s propensity "to foster inappropriate sexual relationships with a female student." Resp. at ¶ 37. Conversely, CCISD argues that Plaintiff "would impose a constructive notice standard," which was rejected by the Supreme Court. Reply at 5. The Court agrees with CCISD.

To prevail in a Title IX action, a plaintiff must demonstrate that an appropriate district official with authority to take corrective measures had actual notice of a substantial risk of serious harm. *Rosa H. v. San Elizario Indep. Sch. Dist.*, 106 F.3d 648, 658 (5th Cir. 1997). Furthermore, the school district can escape liability if either: (1) the official did not know of the underlying facts indicating a sufficiently substantial danger; or (2) the official knew the underlying facts but believed that the risk to which the facts gave rise was insubstantial or nonexistent. *Id.* at 659; *Farmer v. Brennan*, 511 U.S. 825, 843–44 (1994).

In this case, Plaintiff cannot establish actual knowledge by a CCISD official.[4] Plaintiff makes an unsubstantiated claim that CCISD was "well aware of D.H.'s propensity to foster inappropriate sexual relationships;" thus, CCISD was "on notice for Title IX purposes." Resp. at ¶ 37. The inappropriate sexual relationship allegedly arises from a prior allegation of sexual

---

[3]Plaintiff even admits that the District did not have "actual notice that D.H. would sexually assault E.S." Resp. at ¶ 33.

[4]Even under the heightened risk theory discussed in *Hernandez*, Plaintiff's claims do not come close to the Baylor University official's knowledge concerning allegations of sexual assault committed by football athletes against other students. *See Hernandez v. Baylor Univ.*, 274 F.Supp.3d 602, 614–615 (W.D. Tex. 2017) (Baylor had actual knowledge of sexual assault and actively concealed the sexual violence by its football players).

misconduct against an unidentified female student. Resp. at ¶ 11. However, this assertion was based solely upon D.H.'s deposition testimony in which he invoked the Fifth Amendment. Because a negative inference can only be drawn against a D.H., who is not a party, Plaintiff's argument is without merit. *See Hinojosa v. Butler*, 547 F.3d 285, 292 (5th Cir. 2008) (holding that a negative inference can be drawn against a party in a civil case who asserts the Fifth Amendment if they refuse to testify); *see also State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 119 (5th Cir. 1990) (holding that a witness's refusal to answer questions is not significant probative evidence sufficient to create a genuine issue of material fact).

Moreover, E.S. offers no corroborating facts for her assertion.  For example, as CCISD points out in its Reply, the assertion does not demonstrate which CCISD official may have known of the alleged prior allegation, when it supposedly occurred, whether it was even reported to CCISD, or what action was taken in response. Def.'s Reply at 6. Therefore, the evidence is too tenuous, ambiguous, speculative, and vague to create a genuine issue of material fact on Title IX liability against CCISD. *See Farace v. Indep. Fire Ins. Co.*, 699 F.2d 204, 21011 (5th Cir. 1983). Because no CCISD official was aware of facts from which an inference could be drawn that a substantial risk of serious harm existed as to E.S., or that any CCISD official actually drew such an inference, summary judgment is proper. *Hernandez v. Texas Dept. Of Protective and Regulatory Serv.*, 380 F.3d 872, 882–883 (5th Cir. 2004); *Rosa H.,* 106 F.3d at 658–659.

*(2) The Alleged Sexual Harassment Was Not Severe, Pervasive, and Objectively Offensive*

The summary judgment record also does not support a fact issue over whether CCISD subjected E.S. to severe, pervasive, and objectively offensive harassment. A Title IX claim for student-on-student harassment cannot prevail unless the harassment "is so severe, pervasive, and objectively offensive that it effectively bars the victim's access to an educational opportunity or

benefit." *Davis*, 526 U.S. at 633. "Whether gender-oriented conduct rises to the level of actionable 'harassment' thus depends on a constellation of surrounding circumstances, expectations, and relationships." *Id.* at 651.

Plaintiff's Title IX claim is based largely on one incident of harassment by D.H. that occurred on December 17, 2015. However, a single event of harassment without prior notice will not give rise to Title IX liability. *See Watkins v. La Marque Indep. Sch. Dist.*, 308 Fed. App'x. 781, 783–84 (5th Cir. 2009); *see also Davis*, 526 U.S. at 652–53. Here, it is undisputed that prior to the alleged incident, E.S. and D.H. interacted on a regular basis in a mutually flirtatious and affectionate manner toward one another. *See supra*, at n.1. Additionally, there is no evidence that CCISD knew of facts from which an inference could be drawn that a substantial danger of serious harm existed against E.S. prior to December 17, 2015. Def. Mot., Ex. O-4, p. 4, Admission No. 14. Moreover, after the alleged sexual assault on December 17, 2015, the District's response to the assault protected E.S. from later sexual assault and nearly all contact with D.H.[5] The District commenced an investigation into the alleged sexual assault and prohibited D.H. from attending the theatre performance on December 18, 2015. Finally, there is no evidence that CCISD knew of facts that could indicate a substantial danger or risk of serious harm to E.S. prior to the December 17, 2015 incident. Because CCISD's actions did not subject to E.S. to Title IX sexual harassment and the allegations of sexual harassment arise from a single incident, E.S. cannot be said to have endured "severe, pervasive, and objectively offensive" harassment at the hands of CCISD. Therefore, summary judgment in favor of CCISD is appropriate. *See Davis*, 526 U.S. at 652–53 (stating single instances of sexual harassment typically do not involve behavior "serious enough to have the systemic effect of denying the

---

[5] The only other interaction occurred on December 19, 2016, when E.S. saw D.H. at the second night of the play in passing. However, there is no evidence that D.H. attempted to communicate with E.S. or harass her in anyway. Def.'s Mot., Ex. B, pp. 191:8–193:18; Ex. J. at ¶ 8; Ex. O–1, p. 41.

victim equal access to an educational program or activity"); *see also I.L. v. Houston Indep. Sch. Dist.*, __Fed. App'x.__, 2019 WL 2591696, at *4 (5th Cir. 2019) (quoting *Davis*).

### *(3) CCISD Was Not Deliberately Indifferent to the Alleged Sexual Harassment*

Deliberate indifference is an extremely high standard to meet. *I.F. v. Lewisville Indep. Sch. Dist.*, 915 F.3d 360, 368–69 (5th Cir. 2019); *Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (same). To establish deliberate indifference, E.S. must prove that the school officials' actions were "clearly unreasonable in light of the known circumstances." *Sanches v. Carrollton-Farmers Branch Indep. Sch. Dist.*, 647 F.3d 156, 167–68 (5th Cir. 2011). Here, Plaintiff's accusations that CCISD (1) allegedly failed to investigate a prior sexual assault of an unnamed individual; (2) conducted a contaminated Title IX investigation; and (3) failed to adequately provide remedial services do not raise a material fact issue that CCISD was clearly unreasonable in its conduct following the December 17, 2015 incident. Resp. at ¶ 33.

First, E.S. asserts that CCISD was deliberately indifferent because CCISD failed to investigate an alleged prior sexual assault between D.H. and an unnamed student. Resp. at ¶¶ 33, 37. This assertion fails to raise a genuine issue of material fact because the allegation is based on a series of inferences arising out of an adverse inference from D.H.'s refusal to answer questions in his deposition. D.H. asserted the Fifth Amendment to essentially all the substantive questions opposing counsel asked him. E.S. argues that a negative inference can be drawn against D.H.'s refusal to answer substantive questions. E.S. then argues that CCISD was deliberately indifferent because CCISD failed to investigate the inferred previous sexual assault between D.H. and the unnamed student. However, E.S. fails to cite any evidence to support this allegation and the record is devoid of any evidence that CCISD knew of this prior sexual assault by D.H. Resp. at ¶¶ 33–36. E.S.'s attempt to create a fact issue fails because "attenuated adverse inferences drawn

from vague deposition questions are insufficient to establish a genuine issue of material fact." *Hassan v. Shaw*, 761 F. App'x. 429, 432 (5th Cir. 2019); *see also Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (stating Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment).

E.S. also asserts that CCISD acted with deliberate indifference because the Title IX investigation was contaminated from the outset. This argument fails to raise an issue of fact showing that CCISD was deliberately indifferent because E.S.'s allegation that CCISD's investigation was contaminated rely heavily on assumptions unsupported by the record.[6] E.S. contends, generally and mostly without citation to evidentiary support, that the officers, school district, and other parties involved were all predisposed or were working together to disbelieve her claim. Such conclusory allegations, unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003).[7]

Finally, E.S. argues that CCISD was deliberately indifferent by failing to provide adequate remedial services. E.S. generally argues, with little evidentiary support, that the actions taken by CCISD were either negligent, ineffective, or otherwise not to her liking. Resp. at ¶ 52. However, Title IX does not require school districts to comply with parents' remedial demands. *Davis*, 526 U.S. at 648. Moreover, a school district is not required to engage in particular

---

[6]Additionally, E.S.'s argument that CCPD's investigation was flawed has no bearing on whether CCISD was deliberately indifferent.

[7]Furthermore, CCISD's reliance on CCPD's investigation into the alleged sexual assault on December 17, 2015 is not clearly unreasonable. The evidence shows that CCPD conducted witness interviews and examined the Plaintiff's forensic interview. CCPD could not conclude that a sexual assault occurred. Def. Mot., Ex. K, ¶¶ 8–9. Therefore, CCISD's use of the law enforcement investigation is not clearly unreasonable in light of investigative experience of CCPD. *See I.L. v. Houston Indep. Sch. Dist.*, __Fed. App'x. __, 2019 WL 2591696 (5th Cir. 2019) (holding that "in a situation where there is some indication that the incident may have been consensual, and where there is the potential for criminal charges if it was an assault, it is not 'clearly unreasonable' to rely on the investigative expertise of a law enforcement agency").

disciplinary action or expel every student accused of misconduct, nor is the school district held to the standard of what the most effective response would have been in hindsight. *Id.* at 648.[8]

Contrary to E.S.'s unsubstantiated assertions, CCISD immediately investigated the alleged sexual assault and implemented remedial measures that were almost entirely successful in eliminating any contact between D.H. and E.S. and prevented future sexual contact or harassment. Even if the school's investigative and disciplinary response could have been better, neither "negligence nor mere unreasonableness is enough" to support a Title IX deliberate indifference claim. *Sanches*, 647 F.3d at 167–68. Additionally, it is undisputed that CCISD provided E.S. and her parents numerous accommodations, including: granting E.S. a transfer to Crossroads High School, a Section 504 plan for anxiety, extra time for assignments, preferential seating, extra time for passing periods, and the ability to step out of class when needed. Def. Mot., ECF # 51, Ex. L, ¶¶ 9–11. Thus, CCISD's response is not clearly unreasonable on the record before the Court. *See Sanches*, 647 F.3d at 170 (holding that Title IX does not require flawless investigations or perfect solutions); *see also Davis*, 526 U.S. at 648 (holding Title IX does not require school districts to comply with parents' remedial demands). Because E.S. failed to raise a genuine dispute to the arguments raised by CCISD, CCISD is entitled to summary judgment.

## B. Plaintiff's Title IX Retaliation Claim

To establish Title IX retaliation, E.S. must show that CCISD took adverse action against her because she complained of harassment. *Jackson v. Birmingham Bd. Of Edu.*, 544 U.S. 167, 174 (2005). In order to establish a prima facie case of unlawful retaliation, a plaintiff must show

---

[8] CCISD did impose a three-day suspension on D.H. and prohibited him from participating in extracurricular activities for the rest of the school year. Def.'s Mot., Ex. A ¶ 12; Ex. A-2, at 23.

that: (1) she engaged in a protected activity; (2) she suffered a material adverse action; and (3) that a causal link exists between the protected activity and the adverse action.

In its Motion, CCISD argues and presents evidence negating each of the alleged retaliation claims put forth by E.S. *See* Def.'s Mot. at 13–20. Additionally, Plaintiff's summary judgment response contains no reference to retaliation or legal analysis concerning Title IX retaliation. Thus, Plaintiff has waived this issue. *See e.g., Bollschweiler v. El Paso Elec. Co.*, 166 F. Supp. 3d 808, 815–16 (W.D. Tex. 2016). Therefore, the Court grants Defendant's motion for summary judgment on the Title IX retaliation claim.

### IV. Conclusion

Based on the foregoing, Defendant's Motion for Summary Judgment is **GRANTED** (ECF # 51). The Court will enter Judgment in favor of Defendant Copperas Cove Independent School District in accordance with this Order. Judgment will issue by separate document as required by Federal Rule of Civil Procedure 58.

**SIGNED** this 4th day of September 2019.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE